# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 12-556
### (Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * *
DAVID POKORNY,                          *
                                        *     Filed: July 28, 2014
                                        *
              Petitioner,               *     Petitioner's Motion for a Decision
     v.                                 *     Dismissing the Petition; Insufficient Proof
                                        *     of Causation; Vaccine Act Entitlement;
SECRETARY OF HEALTH                     *     Denial Without Hearing
AND HUMAN SERVICES,                     *
                                        *
              Respondent.               *
                                        *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Laurence F. Padway,* Alameda, CA, for Petitioner.

*Claudia B. Gangi*, Washington, DC, for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On August 30, 2012, David Pokorny filed a petition in the National Vaccine Injury Compensation Program[2] alleging that the influenza ("flu") vaccine received on August 30, 2010 caused his Guillain-Barré syndrome ("GBS"). *See* Petition at 1 (ECF Docket No. 1)

After gathering their relevant medical records over the next two years, Petitioners filed a motion on July 28, 2014 seeking a decision dismissing their petition, indicating that an

---

[1] Because this decision contains a reasoned explanation for my actions in this case, it will be posted it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." (Vaccine Rule 18(b)). Otherwise, the whole decision will be available to the public. (*Id.*)

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

investigation of the facts and science supporting their claim had demonstrated that he would be unable to prove his entitlement to compensation in the Vaccine Program.

To receive compensation under the Program, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. See §§13(a)(1)(A) and 11(c)(1). An examination of the record, however, did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Mr. Pokorny's alleged injuries were vaccine-caused.

Under the Vaccine Act, a petitioner may not be given a Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). In this case, there is insufficient evidence in the record for Mr. Pokorny to meet his burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master